IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NIGEL Q. CLAVIS, | ) | Case No. 14-00165 |
| | ) | |
| Debtor | ) | (Chapter 13) |
| | ) | |
| _____ | | |
| | | |
| DISTRICT OF COLUMBIA, | ) | |
| 1350 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20004, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. 14- |
| | ) | |
| NIGEL Q. CLAVIS | ) | |
| 1354 Jasper Place, S.E., Unit 204 | ) | |
| Washington, DC 20020, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT TO DETERMINE DISCHARGEABLITY OF DEBTS**

1. Plaintiff District of Columbia ("District") is a municipal corporation and a state within the meaning of 11 U.S.C. § 101(52).

2. Defendant Nigel Q. Clavis ("Debtor") is an individual and, upon information and belief, a resident of the District of Columbia. Upon information and belief, Debtor resides at 1354 Jasper Place, S.E., Unit 204, Washington, DC 20020.

3. The District objects, pursuant to 11 U.S.C. § 523(a)(2), to the discharge of certain debts owed to the District of Columbia by defendant Debtor.

## **BACKGROUND**

4. Upon information and belief, Debtor was employed by District of Columbia Office of Personnel from approximately September 3, 2011, through February 4, 2012.

5. Upon information and belief, Debtor first filed for unemployment benefits with the District of Columbia Department of Employment Services ("DOES") on or about September 9, 2011.

6. Upon information and belief, Debtor received unemployment benefits from DOES from approximately September 3, 2011, through February 4, 2012.

7. Upon information and belief, Debtor continued to apply for unemployment benefits from approximately September 9, 2011, through approximately February 4, 2012.

10. Upon information and belief, in order to apply for unemployment benefits, Debtor was required to apply online for such benefits. The electronic application required Debtor to answer the following questions with either a "yes" or "no" response:

> Were you able, available and actively seeking work during the week claimed?
> Did you perform work during week claimed? If yes, indicate gross earnings at right.
> Did you receive severance pay during the week claimed? If yes, indicate gross earnings amount in the box at right.
> Has there been a change in your pension, training or school status?
> Did you refuse work, quit a job, or were you discharged from a job?
> Did you return to full time work?

11. Upon information and belief, the electronic application required the following certification:

> CERTIFICATION: I hereby certify that these statements are true and correct. I understand that the law provides penalties for false statements to obtain or increase benefits.

2

12. Upon information and belief, Debtor responded electronically each week for twenty-one (23) weeks after September 9, 2011, to the electronic application for benefits after Debtor became fully employed as follows:

    Debtor answered YES to the question, "Were you able, available and actively seeking work during the week claimed?"
    Debtor answered NO to the question, "Did you perform work during week claimed? If yes, indicate gross earnings at right."
    Debtor answered NO to the question, "Did you receive severance pay during the week claimed? If yes, indicate gross earnings amount in the box at right."
    Debtor answered NO to the question, "Has there been a change in your pension, training or school status?"
    Debtor answered NO to the question, "Did you refuse work, quit a job, or were you discharged from a job?"
    Debtor answered NO to the question, "Did you return to full time work?"

13. Upon information and belief, Debtor certified each week for twenty-three (23) weeks after September 9, 2011, when Debtor became employed, that the statements in his electronic application were true and correct under threat of penalty for false statements.

14. Upon information and belief, the District issued an Audit Notice to Debtor dated February 27, 2012, notifying Debtor that:

> An audit of your claim for Unemployment Insurance benefits disclosed that you may have received benefits to which you were not entitled. . . . If this information results in an overpayment of benefits and/or if it is established that you willfully misrepresented material facts in order to obtain benefits to which you were not entitled, an administrative penalty which may result in criminal prosecution and possible imprisonment will be imposed.

15. Upon information and belief, the District issued Notice of Determination By Claims Examiner ("Determination Notice") to Debtor dated March 16, 2012, finding that Debtor "knowingly and willfully failed to report your earnings from DC Government Personnel Office."

16. Upon information and belief, the District sent a Notice of Overpayment to Debtor ("Overpayment Notice") dated March 16, 2012, notifying Debtor that:

3

> An overpayment determination has been made on your unemployment compensation claim that you have received benefit payments to which you were not entitled due to unreported earnings during the weeks the benefits were received.

17. Upon information and belief, the District in the March 16, 2012 Overpayment Notice stated that the amount of overpayment to Debtor was $8,138.00 and that there were approximately twenty-three (23) weeks of overpayment beginning September 3, 2011, and continuing through February 4, 2012.

18. Upon information and belief, the District provided Debtor in both the March 16, 2012, Determination and Overpayment Notices an opportunity to appeal the determination that he received approximately $8,138.00 in overpayments for unemployment benefits.

19. Upon information and belief, Debtor failed to disclose his earnings from DC Department of Personnel Office.

20. Upon information and belief, Debtor failed to return the $8,138.00 overpayment in unemployment benefits to the District.

## COUNT I

21. The District incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

22. D.C. Official Code § 51-109 provides that "an unemployed individual shall be eligible to receive benefits."

23. D.C. Official Code § 51-101(5) defines "unemployed" as an individual "with respect to any week during which he performs no service and with respect to which no earnings are payable to him or with respect to any week of less than full-time work if 80% of the earnings payable to him with respect to such week are less than his weekly benefit amount plus $20."

4

24. D.C. Official Code § 51-107(e) provides that "any individual . . . who meets the conditions of eligibility for benefits . . . shall be paid with respect to such week an amount equal to the individual's weekly benefit amount less any earnings payable to the individual with respect to such week."

25. Debtor failed to disclose his earnings from approximately September 3, 2011, through February 4, 2012, and that failure to report resulted in Debtor's receiving an overpayment in unemployment benefits.

26. Debtor obtained the overpayment of unemployment benefits by false pretenses, false representation and actual fraud since Debtor failed to disclose each week for approximately twenty-three (23) weeks that he was employed by DC Department of Personnel Office during which he earned more than 80% of the benefits payable to him with respect to such week plus $20.

27. As of the date of filing this Complaint, Debtor has failed to return the $8,138.00 in overpayment of unemployment benefits that he received.

WHEREFORE, Plaintiff District of Columbia prays that this Court determine that the overpayment of unemployment benefits to Debtor for $8,138.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), and grant such other and further relief as it deems just and equitable.

        Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        SUSAN C. LONGSTREET
        Deputy Attorney General
        Commercial Division

        _____/s/ David Fisher_____
        DAVID FISHER, DC Bar No. 325274
        Deputy Assistant Attorney General

        /s/ William Burk
WILLIAM BURK, DC Bar No. 464349
Section Chief

/s/ Nancy L. Alper
NANCY ALPER, DC Bar No. 411324
Assistant Attorney General
Land Acquisition and Bankruptcy Section
1100 15th Street, N.W., Suite 800
Washington, DC 20005
(202) 724-8122

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing District of Columbia's COMPLAINT was mailed, prepaid first class postage, this 2630th day of June, 2014, to

NIGEL Q. CLAVIS
1354 Jasper Place, S.E., Unit 204
Washington, DC 20020

TOMMY ANDREWS, JR.
122 N Alfred St.
Alexandria, VA 22314

CYNTHIA A. NIKLAS
4545 42nd St., NW Suite 211
Washington, DC 20016-4623

        /s/ Nancy L. Alper
NANCY L. ALPER
Assistant Attorney General